# ORIGINAL

LEONARDO M. RAPADAS
United States Attorney
JEFFREY J. STRAND
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortes Avenue
Hagatna, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7334

Attorneys for United States of America

**FILED**
DISTRICT COURT OF GUAM
OCT 21 2005
MARY L.M. MORAN
CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF GUAM

**05-00051**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ANDREW L. LICHTENBERG, | ) |
| | ) |
| Defendant. | ) |
| | ) |

MAGISTRATE CASE NO. _____

**PETITION FOR WARRANT
OF REMOVAL**

Petitioner, United States Attorney for the District of Guam, respectfully shows this Court that:

On July 15, 2005, a Magistrate's Complaint was filed in the United States District Court, District of Hawaii, against the defendant ANDREW L. LICHTENBERG, under Magistrate Case No. 05-594 BMK. The defendant was charged with Wire Fraud, in violation of Title 18, United States Code, Section 1343. See Exhibit A. Subsequently, the United States District Court for

//

//

//

the District of Hawaii, issued a Warrant for Arrest of Defendant. See Exhibit B. The Defendant was later arrested by a Special Agent of the Federal Bureau of Investigations, on Guam.

WHEREFORE, petitioner prays this Court to issue a Warrant of Removal pursuant to Fed. R. Crim. P. 5(c) for said Defendant to be removed from the District of Guam to the District of Hawaii.

Dated this 21st day of October, 2005.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: _____
JEFFREY J. STRAND
Assistant U.S. Attorney

-2-

EDWARD H. KUBO, JR.   #2499
United States Attorney
District of Hawaii

RONALD G. JOHNSON   #4532
Chief, Major Crimes

MICHAEL M. PURPURA
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
E-Mail:  michael.purpura@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | MAG. NO. 05-594 BMK |
| | ) | |
| Plaintiff, | ) | CRIMINAL COMPLAINT |
| | ) | |
| vs. | ) | |
| | ) | |
| ANDREW L. LICHTENBERG, | ) | |
| | ) | |
| Defendant. | ) | |

EXHIBIT

_A_

## CRIMINAL COMPLAINT

I, the undersigned complainant, being duly sworn, state
the following is true and correct to the best of my knowledge and
belief.

### COUNT 1

On or about September 7, 2004, in the District of
Hawaii, ANDREW L. LICHTENBERG, the defendant, having devised a
scheme and artifice to defraud, and to obtain money by means of
false and fraudulent pretenses, representations, and promises, as
well as omissions of material fact, knowingly transmitted and
caused to be transmitted by means of wire and radio communication
in interstate and foreign commerce, writings, signs, signals,
pictures, and sounds for the purpose of executing such scheme and

artifice, to wit, ANDREW L. LICHTENBERG caused $100,000 to be transmitted from Bank of Hawaii in Kauai, Hawaii to Bank International Indonesia, located in Indonesia, in violation of Title 18, United States Code, Section 1343.

       I further state that I am a Special Agent with the Federal Bureau of Investigation and that this Complaint is based upon the facts set forth in the attached "Agent's Affidavit," incorporated herein by reference.

M.D. McDonald
Special Agent
Federal Bureau of Investigation


Subscribed to and sworn before me
on this 15 day of July 2005

BARRY M. KURREN
United States Magistrate Judge
District of Hawaii

2

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

M. D. McDonald, being duly sworn, hereby deposes and states as follows:

1.  I am a Special Agent of the Federal Bureau of Investigation (FBI), currently assigned to the Honolulu Division, White Collar Crime Squad.  Prior to that, I was an attorney duly licensed to practice law in the courts of the State of New York and the United States District Court, Northern District of New York, specializing in the areas of criminal prosecution and criminal defense.

2.  I have participated in numerous criminal investigations, including "white collar" crimes such as financial institution fraud, wire fraud, health care fraud, money laundering, civil rights and public corruption cases, as well as numerous organized crime and drug investigations.  I have received training in the areas of white collar, drug, organized crime and other areas of criminal investigation at the FBI Academy in Quantico, Virginia and thereafter in continuing educational courses and seminars.  I have participated in numerous interviews of witnesses and subjects in criminal cases, and have discussed with many of them their practices of engaging in criminal activity and of keeping records pertaining thereto.  I have also spoken to several senior FBI Special Agents and Supervisory Special Agents who have many years of experience in investigations such as that which is summarized herein.  Combined, the Special Agents have

participated in hundreds of investigations, and have imparted the
substance of many of their investigations to me.

3.  I am familiar with the facts set forth in this affidavit
based on personal knowledge and information provided by other FBI
Special Agents.  Specifically, as the case agent assigned to this
matter, I have conducted the majority of the investigation
personally, and I have spoken with and reviewed reports of other
FBI Special Agents relating to the subject matter herein.  Unless
otherwise indicated, the information contained herein was
obtained by Special Agents of the Federal Bureau of
Investigation.

4.  This affidavit is made in support of a criminal
complaint for Andrew L. Lichtenberg, date of birth 05/12/1946.

5.  Andrew L. Lichtenberg is an attorney who is licensed to
practice law in the State of Hawaii, and operated a law firm
known as the Kapaa Legal Clinic.

6.  I reviewed the report of FBI Special Agent Patrick
Bohrer relating to his interview of a Louisiana resident whose
initials are E. H., which details as follows:

a.  E. H. owned a parcel of real estate in Kauai
located at 6052 Hauiki Road, Kapaa, Hawaii.  E. H. owned the
property as a joint tenant with a Kauai resident whose initials
are K. H.

b.  E. H. hired Andrew L. Lichtenberg and instructed

2

him to handle the sale of E. H.'s interest in the property to K. H.

  c. E. H. instructed Lichtenberg that if E. H. could not be present for the act of sale, to ensure that the proceeds from the sale of the property were deposited directly into E. H.'s bank account at Whitney Bank in Louisiana by wire transfer.

  d. E. H. mailed via the United States Postal Service a notarized letter instructing Lichtenberg how to handle the sale, and specifically as follows:

    i. E. H. instructed Lichtenberg not to provide the deed for the property to the buyer until after the proceeds from the sale were wire transferred into E. H.'s bank account. E. H. also instructed Lichtenberg, "no way do I want that money in your account at all - under any circumstances." E. H. also requested that Lichtenberg notify E. H. when the act of sale is to take place, and that E. H. would telephone his/her bank and verify that the money was deposited, and then would authorize Lichtenberg to turn over the deed to the buyer. E. H. also stated in the letter to Lichtenberg that the money from the sale of the property was E. H.'s entire life savings.

  e. After the property was sold in early September of 2004, E. H. did not hear back from Lichtenberg about the sale of the property. E. H. was unable to contact Lichtenberg, and eventually learned from Lichtenberg's landlord that Lichtenberg

3

had moved out of his office.

f.  E. H. learned through third parties that the sale
had taken place and that K. H. had received the deed to the
property.

g.  E. H. never received any money from the proceeds of
the sale, and has not heard from Lichtenberg since prior to the
sale.

h.  E. H. has suffered severe financial hardship due to
the loss of the $373,000.00 that E. H. expected to receive from
the sale of the property.

7.  I reviewed the report of FBI Special Agent James D.
Brown relating to his interview of a Kauai resident whose
initials are J. M., which details as follows:

a.  J. M. is an attorney with an office in Lihue,
Hawaii (County of Kauai).  J. M. represented K. H., the buyer of
the property owned by E. H.

b.  E. H. and K. H. negotiated a price, and K. H.
agreed to pay E. H. $373,000.00 for the sale of the property.

c.  J. M. was aware that Lichtenberg reviewed the sales
contract and quitclaim deed, and that Lichtenberg did not request
any changes to either.

d.  K. H. signed the contract on July 20, 2004.  The
closing was scheduled for early September of 2004.

e.  Lichtenberg telephoned J. M. three times during the

4

two week period prior to the closing to make sure that the transaction would occur.

      f.  Approximately two to three months after the closing, J. M. became aware that E. H. had not received payment for the sale of the property.

8.  I interviewed employees of Title Guarantee Escrow Services (hereinafter Title Guarantee). The employees of Title Guarantee stated as follows:

      a.  Title Guarantee had been hired by K. H. (the buyer) specifically for the purchase of the property owned by E. H. Both K. H. and E. H. were represented by attorneys. E. H. was represented by Andrew Lichtenberg.

      b.  In approximately July or August of 2004, Title Guarantee received a letter from Lichtenberg along with a deed to the property that had been executed by E. H. The letter instructed Title Guarantee to forward the settlement funds directly to Lichtenberg's client trust account.

      c.  Title Guarantee followed Lichtenberg's instructions and deposited $373,000.00 into Lichtenberg's bank account.

9.  I reviewed documentation provided by Title Guarantee, which reflected the following:

      a.  Title Guarantee received a total of $404,654.00 from K. H.'s lender on 08/31/2004.

      b.  From the $404,654.00, Title Guarantee made the

5

following disbursements: $9,710.00 to the broker, $20,182.33 to
K. H., $448.00 to the Registrar of Conveyance, $887.00 and
$426.67 to Title Guarantee, and $373,000.00 to Bank of Hawaii
account number 0003-333981, account holder Kapaa Legal Clinic,
specifically, to Andrew Lichtenberg's client trust account.

  c. The wire transfer request sent by Title Guarantee
specifically stated that the $373,000.00 was intended for E. H.
The wire transfer was made on 09/02/2004.

  d. Title Guarantee provided a copy of the letter
mentioned in paragraph 7(b) above. The letter is dated July 19,
2004. The letter is addressed to Title Guarantee and is signed
by Andrew Lichtenberg. The letter references "our telephone
conversation last week," and states that an original deed for the
property owned by E. H. is enclosed with the letter. The letter
also contains instructions for Title Guarantee to wire the
settlement funds to Lichtenberg's account with Bank of Hawaii,
account number 0003-333981.

 10. I reviewed bank account statements provided by Bank of
Hawaii for an account controlled solely by Andrew Lichtenberg,
account number 0003-333981, which reflected the following:

  a. The balance in Lichtenberg's account at the
beginning of September of 2004 was $20.00.

  b. The only credits to Lichtenberg's account during
September of 2004 were a wire transfer of $373,000.00 credited to

6

the account on 09/03/2004, and an interest payment of $6.73 on 09/30/2004.

c.   On 09/03/2004, Lichtenberg withdrew $200,000.00 from his Bank of Hawaii account and used the money to purchase two cashier's checks for $100,000.00 each.

d.   On 09/07/2004, Lichtenberg sent $100,000.00 by wire transfer from the Bank of Hawaii account to Bank International Indonesia (in the City of Denpasar Bali, Indonesia), account number 2-212-051577, account holder Andrew Lichtenberg.

e.   In addition to the withdrawals of $300,000.00 mentioned in sub-paragraphs c and d above, Lichtenberg also debited the account as follows: $10,000.00 on 09/08/2004; $46,500.00 on 09/09/2004; $1,000.00 on 09/08/2004; $750.00 on 09/20/2004; $2,500.00 on 09/08/2004; $3,000.00 on 09/09/2004; $2,000.00 on 09/15/2004; $4,500.00 on 09/20/2005; $750.00 on 09/08/2004; $1,500.00 on 09/09/2004.

f.   The balance at the end of September of 2004 was $504.00.

11.   I reviewed bank account statements provided by First Hawaiian Bank for an account controlled solely by Andrew Lichtenberg, account number 31-866812, which reflected the following:

a. Lichtenberg deposited a Bank of Hawaii cashier's check into his First Hawaiian Bank account on 09/07/2004.   The

7

check had been issued by Bank of Hawaii on 09/03/2004.

b. On 09/08/2004, Lichtenberg withdrew the $100,000.00
and used it to purchase a First Hawaiian Bank cashier's check.

c. The cashier's check was cashed at an overseas bank
on 10/01/2004.

12.   I interviewed an employee of the Fifth Circuit Court
for the State of Hawaii, who stated that in mid-2004, Andrew
Lichtenberg had been ordered by the Court to surrender any and
all Passports due to several charges pending against him before
the Court, and due to Lichtenberg's previous failures to appear
to answer the charges. I saw that the Court in fact was in
possession of Lichtenberg's U. S. Passport, number 152693275,
issued on 04/22/1995.

13.   The employee of the Fifth Circuit Court for the State
of Hawaii further stated that Lichtenberg had corresponded with
the Court on multiple occasions regarding his attempts to help
his wife, an Indonesian citizen, to relocate to Kauai.
Lichtenberg stated in his correspondence that he had been
traveling to Indonesia through Guam to help his wife.

14.   I learned from the U. S. Department of State that
Lichtenberg represented that he had lost the Passport issued to
him on 04/22/1995, number 152693275, and that he subsequently was
issued a new Passport on 12/31/2003, number 120968052.  Moreover,
Lichtenberg represented to the Department of State that he never

8

received that Passport, and was later issued a replacement
Passport on 01/12/2004, number 120968955. I was further informed
that Lichtenberg represented to the Department of State that his
wife, Dewi Mas Ulun, was living in Indonesia and was applying for
a visa to live in the United States.

15.    I have interviewed an attorney who has an office in
Lihue, Hawaii (County of Kauai) who worked frequently with
Lichtenberg, who informed me that he has not seen or heard from
Lichtenberg since approximately September of 2004. I have
interviewed neighbors of Lichtenberg who stated that he has not
been living in his former Kauai residence since approximately
September of 2004.

16.    Based on the facts mentioned above, I believe that
there is probable cause to believe that Lichtenberg has committed

9

wire fraud, in violation of Title 18, United States Code, Section 1343.

WHEREFORE, deponent prays that ANDREW L. LICHTENBERG, the defendant, be arrested and imprisoned, or bailed, as the case may be.

FURTHER AFFIANT SAYETH NAUGHT.

M.D. MCDONALD
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before
me this 15 day of June, 2005.

BARRY M. KURREN
United States Magistrate Judge

10

AO 442 (Rev. 5/93) Warrant for Arrest

# United States District Court

─────────────────────── **DISTRICT OF** ───────────────────────

UNITED STATES OF AMERICA

V.

ANDREW L. LICHTENBERG

## WARRANT FOR ARREST

CASE NUMBER: Mag. No. 05-594 BMK

To: The United States Marshal
    and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest _____ ANDREW L. LICHTENBERG
                                                             Name

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

☐ Indictment  ☐ Information  ☒ Complaint  ☐ Order of court  ☐ Violation Notice  ☐ Probation Violation Petition

charging him or her with (brief description of offense)
Wire Fraud

SEALED
BY ORDER OF THE COURT

in violation of
Title             18        United States Code, Section(s)  1343

| Barry M. Kurren | United States Magistrate Judge |
| Name of Issuing Officer | Title of Issuing Officer |
| *(signature)* | 7/15/05; Honolulu, Hawaii |
| Signature of Issuing Officer | Date and Location |

Bail fixed at $ _____ by _____
                                                  Name of Judicial Officer

| RETURN | **EXHIBIT** |
| This warrant was received and executed with the arrest of the above-named defendant at _____ | $\mathcal{B}$ |

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
| DATE OF ARREST | | |

# Criminal Case Cover Sheet

**U.S. District Court**

**Place of Offense:**

City _____Hagåtña_____

Country/Parish _____N/A_____

**Related Case Information:**

Superseding Indictment _____ Docket Number **05-00051**

Same Defendant _____ New Defendant _____X_____

Search Warrant Case Number _____

R 20/ R 5(c) from _District of Hawaii_____

**Defendant Information:**

Juvenile: Yes _____ No __X__     Matter to be sealed: ____ Yes __X__ No

Defendant Name ___ANDREW L. LICHTENBERG____

Allisas Name _____

Address _____

_____

Birth date _XX/XX/1946_ SS# _XXX-XX-2898_ Sex __M__ Race___ Nationality _U.S._

**U.S. Attorney Information:**

AUSA _Jeffrey J. Strand_

**Interpreter:** __X_ No ____Yes       List language and/or dialect: _N/A__

**Location Status:**

Arrest Date _____

☐ Already in Federal Custody as of _____ in _____

☐ Already in State Custody

☐ On Pretrial Release

**RECEIVED**

OCT 21 2005

DISTRICT COURT OF GUAM
HAGATNA, GUAM

**U.S.C. Citations**

Total # of Counts: _____1_____       _____ Petty _____ Misdemeanor __X__ Felony

| Index Key/Code | Description of Offense Charged | Count(s) |
|---|---|---|
| Set 1 _18 U.S.C. § 1343_ | WIRE FRAUD | _1_ |
| Set 2 _____ | _____ | _____ |
| Set 3 _____ | _____ | _____ |
| Set 4 _____ | _____ | _____ |

(Continued on reverse)

Date: _10/21/05_     Signature of AUSA: _____